FRANK G. CORREIA v. TAM CHONG, ALIAS TAM CHUNG AND TAM SING KONG.

APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

SUBMITTED OCTOBER 1, 1906.    DECIDED OCTOBER 8, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

PRACTICE—*amendment to transcript of evidence.*

> The plaintiff, having obtained a decree in his favor in equity case which the defendants had brought on error, applied to the trial judge to amend the transcript of evidence in accordance with an affidavit of one of the plaintiff's attorneys and appealed from the denial of the motion. Held, on the showing made, the appeal must be dismissed.

OPINION OF THE COURT BY HARTWELL, J.

The plaintiff obtained a decree setting aside a certain deed of conveyance from one of the defendants to the other on the ground that it was made with intent to hinder and delay creditors. The defendants having brought the case here on error the plaintiff, claiming that the transcript omitted certain material evidence, moved the circuit judge that the transcript be amended accordingly and appealed from the judge's denial of the motion, which motion was supported by affidavits of one Copp, and of J. M. Vivas who appeared for the plaintiff as one of his attorneys at the trial. The judge denied the motion, saying that no good reason was shown why it should be granted and that his practice, in the absence of an official stenographer, was to rely upon the evidence as taken down by the clerk and he was of the opinion that it would be a dangerous and bad precedent to amend the transcript "unless it should be

clearly shown that such change, alteration or amendment should be made."

It does not appear whether the judge believed that the evidence had not been given as claimed by the plaintiff or that he thought that, if given, it was immaterial to the case. The affidavit of Copp, district magistrate of Makawao, is that no action was brought before him by the Paia Store, Haleakala Ranch Co. or any others against the defendant Chong since the year 1900. The affidavit of Vivas is that the defendant Chong testified before the judge that Kong knew of the plaintiff's action at law at the March 1905 term of court and of the judgment for the plaintiff at the time that it was rendered as well as of the execution issued and that both of the defendants were interested in the butcher business at Kong's premises; also that Chong, when asked to produce receipts for the money claimed by him to have been paid to other creditors, answered that he could not and that no one was present who saw the money paid to him for the land; that his demeanor on the stand was noticed to be not only hostile, but apparently false, in the instances where his answers would implicate him.

It is obvious that the circuit judge cannot be required by this court to exercise his discretion for he has exercised it by refusing to grant the motion to amend the transcript; nor has this court power to compel the judge to amend the transcript on this ex parte showing with no information before us of his own recollection or that of his clerk upon the subject.

Upon the showing made the appeal must be dismissed.

*A. Perry* for plaintiff.

*E. M. Watson* (*J. L. Coke* with him on the brief) for defendants.